WESTERN DISTRICT OF NEW YORK
UNITED STATES DISTRICT COUR
---------------------------------------------------------X
HORIZON CAPITAL NY L.P.,

                                                26 Civ. 6412

                *Plaintiff,*

  – against –

AMERIMED EMERGENCY MEDICAL
SERVICES d/b/a AMERIMED EMS,
QUIKMEDIC, LLC, PRIORITY SPRINTERS
LLC, AMERIMED MEDICAL SOLUTIONS
LLC, and ARTHUR DIXON MARLOW II,

               *Defendants.*
---------------------------------------------------------X

## ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants, by their undersigned counsel, answering the Verified Complaint of Plaintiff, allege as follows:

### PRELIMINARY STATEMENT

1.    This action is improperly before this Court. The agreements at issue contain a broad and mandatory arbitration clause governed by the Federal Arbitration Act requiring arbitration of all disputes arising out of or relating to the agreements.

2.    Defendants have already invoked that provision and commenced arbitration before JAMS concerning the same agreements and alleged obligations at issue here.

3.    Plaintiff's commencement of this action is in direct contravention of its contractual obligations and this matter must be stayed and compelled to arbitration.

1

## GENERAL DENIAL

4.      Defendants deny each and every allegation of the Complaint except those expressly admitted herein.

## RESPONSES TO NUMBERED ALLEGATIONS

5.      Defendants admit the allegations of paragraph "1" only to the extent that Plaintiff purports to be a business entity whose citizenship is determined by the citizenship of each of its partners. Upon information and belief, formed after a reasonable inquiry consistent with Rule 11, and subject to confirmation through jurisdictional discovery, the partners of Horizon Capital NY L.P. are citizens of the state of New York and, accordingly, Horizon Capital NY L.P. is a citizen of New York. *See* Fed. R. Civ. P. 11(b)(3) ("the factual contentions . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

6.      Defendants admit that certain Defendant organized under Georgia law but otherwise deny the allegations of paragraph "2".

7.      Defendants admit that Defendant Arthur Dixon Marlow II is domiciled in in Georgia and a citizen of the state of Georgia.

8.      Defendants deny the allegations of paragraphs "4" and "5" to the extent they assert proper venue and jurisdiction.

9.      Defendants admit that purported agreements titled "Revenue Purchase Agreements" were signed but deny Plaintiff's characterization thereof and deny that the agreements constitute enforceable purchases of receivables.

2

10.    Defendants admit that the agreements reference a "Specified Percentage," but deny that Plaintiff adhered to the reconciliation provisions or that withdrawals reflected actual receivables as required under the agreements.

11.    Defendants admit that a purported guaranty document exists but deny its enforceability.

12.    Defendants deny that Plaintiff fully performed its obligations.

13.    Defendants deny the occurrence of any default and deny that any cessation or reduction of remittances constituted a breach.

14.    Defendants deny the alleged balances, calculations, and entitlement to any fees or charges.

15.    Defendants deny paragraphs 15 through 27 in their entirety.

## AS TO THE CAUSES OF ACTION

16.    Defendants deny each and every allegation of the First Cause of Action (Breach of Contract).

17.    Defendants deny each and every allegation of the Second Cause of Action (Guaranty).

## ADDITIONAL FACTS REGARDING ARBITRATION

18.    The agreements expressly provide that any party may require arbitration of "all disputes and claims arising out of or relating to" the agreements before, inter alia, JAMS.

19.    The arbitration clause is governed by the Federal Arbitration Act and is intended to have the broadest possible application.

20.     Defendants exercised that right and commenced arbitration on or about April 6, 2026 before JAMS captioned: *Amerimed Emergency Medical Services LLC, et al. v. Horizon Capital NY L.P. et al.*, Reference No. 5425005493.

21.     The JAMS proceeding has been opened, assigned a case manager, and includes the same parties and disputes as this action.

22.     The claims asserted here arise from the same agreements and operative facts as those pending in arbitration.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Arbitration / FAA Preemption:  This action is barred because the parties agreed to arbitrate all disputes, Defendants have invoked arbitration, and arbitration is currently pending. This Court must stay this action pursuant to the Federal Arbitration Act and CPLR 7503(a).

**SECOND AFFIRMATIVE DEFENSE**

The agreements are not bona fide purchases of receivables but disguised loans and the effective rate of return exceeds New York's criminal usury limits when comparing the net funded amount to the purchased amount.

**THIRD AFFIRMATIVE DEFENSE**

The agreements require reconciliation based on actual receivables; Plaintiff failed to perform that obligation.

**FOURTH AFFIRMATIVE DEFENSE**

The agreements expressly disclaim any absolute repayment obligation and depend on actual receivables.

**FIFTH AFFIRMATIVE DEFENSE**

The damages and charges sought by Plaintiff constitute unenforceable penalties under New York law. Plaintiff seeks, inter alia, recovery of the entire uncollected "Purchased Amount," together with "collection fees," "rejected item fees," and other charges, none of which are reasonably related to any actual damages.

To the extent Plaintiff attempts to accelerate the full amount of the purported receivables upon an alleged default, such acceleration operates as a liquidated damages provision that is grossly disproportionate to any conceivable loss and is therefore unenforceable. Plaintiff also seeks fixed "collection fees" and other charges that are not tied to actual costs incurred but instead serve a punitive function.

Moreover, Plaintiff's attempt to convert contingent receivables purchases into a fixed repayment obligation further underscores the penal nature of its claims. Because these provisions operate as penalties rather than a reasonable estimate of damages, they are void and unenforceable as a matter of law.

**COUNTERCLAIMS**

**FIRST COUNTERCLAIM**
**(Declaratory Judgment)**

1.      Defendants repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

2.    An actual, justiciable controversy exists between Plaintiff and Defendants concerning their respective rights and obligations under the agreements at issue.

3.    Plaintiff contends that the agreements are valid and enforceable and that Defendants are in default, and seeks to recover an accelerated balance of purported "purchased receivables," together with fees and charges.

4.    Defendants dispute those contentions and assert that the agreements are not enforceable as written and that no default has occurred.

5.    The agreements are not true purchases of receivables but instead constitute loans, as evidenced by, *inter alia*, the fixed remittance structure, Plaintiff's exercise of control over Defendants' accounts, and Plaintiff's attempt to accelerate a fixed repayment obligation irrespective of actual receivables.

6.    To the extent the agreements are deemed loans, the effective rate of return exceeds New York's criminal usury threshold, rendering the agreements *void ab initio*.

7.    Further, under the express terms of the agreements, payment obligations are contingent upon actual receivables, and there is no absolute repayment obligation.

8.    Plaintiff has failed to comply with the reconciliation provisions and has improperly treated contingent obligations as fixed obligations.

9.    Accordingly, Defendants are entitled to a declaration that:
(a) the agreements are not enforceable as loans or are void for usury; (b) no default

6

occurred under the agreements; and (c) Plaintiff is not entitled to recover the amounts sought in the Complaint.

## SECOND COUNTERCLAIM
### (Unjust Enrichment)

43.    Defendants repeat and reallege the foregoing paragraphs.

44.    Plaintiff has received and retained funds belonging to Defendants under circumstances that make such retention inequitable.

45.    Plaintiff has obtained payments in excess of any amounts properly due under the agreements, including through over-debiting and failure to reconcile.

46.    To the extent the agreements are found unenforceable, void, or otherwise inapplicable, Plaintiff has been unjustly enriched by retaining funds to which it is not entitled.

47.    Equity and good conscience require restitution of such funds to Defendants.

## THIRD COUNTERCLAIM
### (Stay and Compel Arbitration)

61.    Defendants repeat and reallege the foregoing paragraphs.

62.    The agreements contain a valid and enforceable arbitration clause providing that any party may require arbitration of all disputes arising out of or relating to the agreements before JAMS or other designated forums.

63.    The arbitration clause is governed by the Federal Arbitration Act and is intended to apply broadly to all disputes between the parties.

7

64.    Defendants have invoked the arbitration provision and, on or about April 6, 2026, commenced an arbitration before JAMS captioned Amerimed Emergency Medical Services LLC, et al. v. Horizon Capital NY L.P., Reference No. 5425005493.

65.    The arbitration involves the same parties and the same agreements at issue in this action.

66.    Plaintiff has refused to proceed exclusively in arbitration.

67.    Pursuant to the Federal Arbitration Act (9 U.S.C. § 3) and CPLR 7503(a), Defendants are entitled to an order: (a) compelling arbitration of all claims; (b) staying this action in its entirety; and (c) awarding such further relief as the Court deems just and proper.

**WHEREFORE,** Defendants respectfully demand a jury trial on all issues so triable under Fed. R. Civ. P. 38, and further demand judgment:

(a) dismissing or staying the Complaint in its entirety;

(b) compelling arbitration before JAMS;

(c) awarding damages on Defendants' counterclaims;

(d) awarding costs and attorneys' fees where permitted; and

(e) granting such other relief as the Court deems just and proper.

Dated: April 23, 2026
Rochester, New York

GOODWIN LAW FIRM
Attorneys for Defendants
By: /s/ *Brian Goodwin*
Brian Goodwin
75 South Clinton Square
Suite 510
Rochester, NY 14604

9