**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

HORIZON CAPITAL NY L.P.,

Plaintiff,

-vs-

AMERIMED EMERGENCY MEDICAL SERVICES d/b/a AMERIMED EMS, *et al.*,

Defendants.

**REPORT AND RECOMMENDATION and DECISION AND ORDER**

26-CV-6412-EAW-MJP

## INTRODUCTION

**Pedersen, M.J.** Presently before me is a motion to stay the action and compel arbitration pursuant to the Federal Arbitration Act, 9, U.S.C. §§ 3 and 4, on behalf of defendants Amerimed Emergency Medical Services LLC d/b/a Amerimed EMS ("Amerimed Emergency Medical Services LLC"), Quickmed LLC, Priority Sprinters LLC, Amerimed Medical Solutions LLC, and Arthur Dixon Marlow, II (collectively, "Defendants")[1] (ECF No. 5.) Also before me is plaintiff Horizon Capital NY L.P.'s ("Plaintiff") cross-motion for remand seeking an order remanding this action to the Supreme Court of the State of New York for the County of Monroe pursuant to 28 U.S.C. § 1447(c) and granting costs and actual expenses, including reasonable attorneys' fees incurred as a result of Defendants' alleged improper removal pursuant

[1] On June 2, 2026, Defendant Amerimed Emergency Medical Services LLC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Northern District of Georgia, which operates as an automatic stay of this case as to that Defendant. (Suggestion of Bankruptcy and Notice of Automatic Stay, Jun. 22, 2026, ECF No. 13.) Accordingly, the term "Defendants" in this Report and Recommendation and Decision and Order refers collectively to Quickmed LLC, Priority Sprinters LLC, Amerimed Medical Solutions LLC, and Arthur Dixon Marlow, II.

to 28 U.S.C. § 1447(c) and, further, seeking an order denying Defendants' motion to stay litigation and compel arbitration. (ECF No. 8.) For the reasons provided below, I report and recommend that the District Judge **GRANT** Plaintiff's cross-motion to remand (ECF No. 8) and award Plaintiff costs and actual expenses, including reasonable attorneys' fees incurred in making the motion to remand. Further, I **DENY AS MOOT** Defendants' motion to stay litigation and compel arbitration (ECF No. 5).

## BACKGROUND

On March 2, 2026, Plaintiff commenced an action in Supreme Court, Monroe County alleging causes of action for breach of contract and of a personal guarantee. (Decl. of Henry G. Swergold, Esq. ¶¶ 3, 8, ECF No. 8-1.) Defendants Amerimed Emergency Removal Services LLC and Arthur Dixon Marlow, II, filed a Notice of Removal, dated April 2, 2026. (*Id.* ¶ 9 & Ex. A.) State court counsel for Defendants Amerimed Emergency Medical Services LLC and Arthur Dixon Marlow, II, served a notice of intention to arbitrate on April 3, 2026. (Swergold Decl. Ex. C.) Defense counsel filed an answer with counterclaims on behalf of Defendants on April 23, 2026. (ECF No. 4.) On that same day, defense counsel filed a motion to stay the action and compel arbitration. (ECF No. 5.) On May 1, 2026, Plaintiff filed its motion to remand the case to state court. (ECF No. 8.) None of the Defendants responded to the motion to remand. A suggestion of bankruptcy was filed on behalf of Defendant Amerimed Emergency Medical Services LLC on June 22, 2026, effectively staying this matter with respect to that Defendant. (ECF No. 13.)

## JURISDICTION

On May 4, 2026, the Honorable Elizabeth A. Wolford referred the cross-motion to remand to me for the issuance of a report and recommendation for disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B). (Text Order of Referral, ECF No. 10.)

## DISCUSSION

***Plaintiff's Motion to Remand***

Title 28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994)); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (internal quotation and citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise" and "any doubts as to removability should be resolved in favor of remand." *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000); *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y.

2001). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n.2 (2d Cir. 2003).

Plaintiff asserts that removal was not proper because "(1) there is no unilateral consent of all defendants for removal, (2) the notice of removal (filed with this Court) is procedurally defective, and (3) there is no competent proof of jurisdiction." (Pl.'s Mem. of Law at 1, ECF No. 8-2.)

***Procedural Defects in Removal Procedure***

***Defendants' Consent to Removal***

A defendant must file a notice of removal within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within [thirty] days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). In addition, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Section 1446(b)(2)(A) does not speak to how long a defendant has to join or consent to removal initiated by another defendant. However, "the removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty[-]day period." *Payne*, 172 F. Supp. 2d at 477. This is known as the rule of unanimity, generally requiring each defendant to provide unambiguous, written consent to the Court before the thirty-day period expires. *Id.*

Consent communicated among defendants is insufficient. Rather, "each defendant must notify the Court of its consent prior to the expiration of the thirty-day period for the removal petition to be timely." *Berrios v. Our Lady of Mercy Medical Center, et al.*, No. 99 Civ 21(DLC), 1999 WL 92269 at *2 (S.D.N.Y. Feb. 19, 1999).

If any defect in the removal procedure occurs, courts are authorized to remand a case to the state court in which the action originated. 28 U.S.C. § 1447(c); *see also LaFarge Coppee*, 31 F.3d at 72. While a procedural defect in removal does not deprive a federal court of jurisdiction, all doubts as to the procedural validity of removal will be resolved in favor of remand. *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1015–1046 (2d Cir. 1991) *superseded on other grounds in Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008); *see also Codapro Corp. v. Wilson,* 997 F. Supp. 322, 325 (E.D.N.Y. 1998) ("There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." (citation omitted)).

Thus, in a multi-defendant case where all defendants must provide the court with written, unambiguous consent to removal within the thirty-day period, a "[f]ailure to do so amounts to a procedural defect in the removal process and justifies a remand by the federal court." *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010). The gravamen of the foregoing cases is that each removing defendant must provide the federal court with a clear and timely statement of its intent to subject itself to federal jurisdiction. Failure to do so, or to do so in a way that is equivocal or ambiguous, renders the purported consent a nullity.

Here, Plaintiff does not dispute that removal was timely. However, Plaintiff contends that Defendants' notice of removal was procedurally defective because "there is no proof of unanimous consent by all defendants under 28 U.S.C. § 1441(b)(2)(a)." (Pl.'s Mem. of Law at 6, ECF No. 8-2.)

The notice of removal filed with this Court indicates that "Defendants AMERIMED EMERGENCY MEDICAL SERVICES LLC and ARTHUR DIXON MARLOW II (collectively, 'Removing Defendants'), by their undersigned counsel, hereby remove to this Court the state court action pending in the Supreme Court of the State of New York, County of Monroe, entitled *Horizon Capital NL L.P. v. Amerimed Emergency Medical Services d/b/a Amerimed EMS. et al.*, Index No. E2026005152 [ ], pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 . . . ." (Swergold Decl., Ex. A at 1, ECF No. 8-1.) The notice of removal also provides that "[a]ll Defendants who have been properly joined and served consent to the removal of this [a]ction." (*Id.* at ¶ 15.)

Plaintiff asserts that "it was not until the filing of the Answer that counsel for the Removing Defendants indicated to either Horizon or this Court that counsel represents ***all*** defendants." (Pl.'s Mem. of Law at 7, ECF No. 8-2.) (emphasis in original.) Accordingly, Plaintiff takes the position that, at the time of removal, defense counsel only represented defendants Amerimed Emergency Medical Services LLC and Arthur Marlow, II, and could not have provided consent on behalf of the other defendants for removal to federal court. (Pl.'s Mem. of Law at 7.)

It is not clear from the notice of removal that defense counsel represented defendants Priority Sprinters LLC, Quickmedic LLC, or Amerimed Medical Solutions LLC at the time of removal. While defense counsel indicated in the notice of removal that he represented Amerimed Emergency Medical Services LLC and Arthur Dixon Marlow, II, he makes no assertion about the other defendants. Further, if defense counsel did not represent Priority Sprinters LLC, Quickmedic LLC, or Amerimed Medical Solutions LLC at the time the case was removed, none of those entities has provided independent consent to submit themselves to the jurisdiction of this Court and the time to do so has expired. Finally, Defendants had the opportunity to respond to Plaintiff's motion to remand and provide evidence that defense counsel represented all Defendants at the time of removal yet they chose not to respond. As indicated above, any doubts about removability should be resolved in favor of remand. *Woolf v. Precision Technologies LLC*, 749 F. Supp. 3d 411, 417 (W.D.N.Y. 2024). Here, the lack of clarity as to when defense counsel began to represent all Defendants (if he does at all) such that he could consent to removal on their behalf warrants remand.

***Defendants' Failure to Comply with Local Rule of Civil Procedure 81***

Local Rule of Civil Procedure 81 requires a party removing an action to this Court to submit, *inter alia*, "an index identifying each document filed and/or served in the state court action" and a copy of each such document tabbed and arranged in chronological order. Loc. R. Civ. P. 81; *see also* 28 U.S.C. § 1447(b) ("[A district court] may require the removing party to file . . . copies of all records and proceedings in such [s]tate court."). Further, Rule 81 provides: The party filing the notice of removal

or a designee shall declare, by affidavit or certification, that he or she has provided all other parties in the action with the notice of removal and attachments being filed with this Court. Loc. R. Civ. P. 81(a)(4).

Plaintiff correctly contends that Defendants failed to provide an index identifying each document filed and/or served in the state court action, failed to provide the Court with tabbed copies in chronological order of all of the documents filed/served in state court, and failed to provide an affidavit or certification that all parties in the action were served with the notice of removal and attachments filed with the Court.

Courts in this District have remanded cases when a notice of removal violated Local Rule 81. *See, e.g., Polito v. Hanover Ins. Grp., Inc.*, No. 18-CV-6332 CJS, 2018 WL 3598873, at *5 (W.D.N.Y. Jul. 27, 2018) (holding that removal was "defective" because the defendant violated 28 U.S.C. § 1446(a) and Local Rule 81 by failing to include in its removal petition "the exhibits attached to the state-court complaint"); *Bagnato v. The Home Depot*, No. 03-CV-0789E(SC), 2004 WL 625270, at *1-2 (W.D.N.Y. Jan. 15, 2004) (remanding an action because the notice of removal "failed to disclose [a] pending motion" filed in state court). Because the right to removal must be "narrowly construe[d]," I find that Defendants' notice of removal is deficient because it did not include the documents mentioned above as required by Local Rule 81. *See Bagnato*, 2004 WL 625270, at *1. I find that remand is warranted for this reason.

***This Court's Lack of Subject Matter Jurisdiction***

A civil action brought in state court may be removed to a federal district court if the district court has original subject matter jurisdiction. 28 U.S.C. § 1441(a). Here, Defendants based their removal on diversity jurisdiction. (Notice of Removal, ECF No. 1.)

A district court has diversity jurisdiction if 1) there is diversity of citizenship between the parties on each side, and 2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity of citizenship requires "complete diversity so that each plaintiff's citizenship [is] different from the citizenship of each defendant." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). "With the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *Avail 1 LLC v. Shumway*, No. 6:24-CV-06059 EAW, 2025 WL 2163779, at *1 (W.D.N.Y. July 30, 2025) (citation omitted).

Plaintiff contends that Defendants have failed to demonstrate, by competent proof, that complete diversity exists between itself and Defendants. (Pl.'s Mem. of Law at 10.)[2] More specifically, Plaintiff asserts that defense counsel "has not made any representations (nor could he) as to the residency of the members of Chicago Pacific Founders Capital Management LLC," which is half of WellBe Senior Medical LLC, which in turn is a 49% member of Defendant Quickmedic LLC. (*Id.* at 10–11.) In the notice of removal, defense counsel makes the following representations:

> 5. Plaintiff Horizon Capital NY L.P. is a limited partnership whose citizenship is determined by the citizenship of each of its partners. Upon information and belief, formed after a reasonable inquiry consistent with Rule 11, and subject to confirmation through jurisdictional discovery, the

---

[2] Plaintiff does not challenge that the amount in controversy exceeds $75,000.

> partners of Horizon Capital NY L.P. are citizens of the state of New York and, accordingly, Horizon Capital NY L.P. is a citizen of New York. *See* Fed. R. Civ. P. 11(b)(3) ("the factual contentions . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").
>
> 6. Defendant Defendant [sic] Arthur Dixon Marlow II is a citizen of Georgia as he is domiciled in the state of Georgia.
>
> 7. Defendants Amerimed Emergency Medical Services d/b/a Amerimed EMS, Priority Sprinters LLC, and Amerimed Medical Solutions LLC are each limited liability companies whose sole member is Defendant Arthur Dixon Marlow II. Accordingly, each of these entities is a citizen of the State of Georgia.
>
> 8. Defendant Quikmedic, LLC is a limited liability company that has as its members: Amerimed Medical Solutions LLC, a member with 51% of membership interests (which in turn is owned solely by Arthur Dixon Marlow II, a citizen of Georgia), and WellBe Senior Medical LLC, a member with 49% of membership interests.
>
> 9. Upon information and belief, formed after a reasonable inquiry consistent with Rule 11, and subject to confirmation through jurisdictional discovery, WellBe Senior Medical LLC is a limited liability company that has as its members: Jeffrey Kang, a natural person domiciled in Florida, and Chicago Pacific Founders Capital Management, LLC.
>
> 10. Upon information and belief, formed after a reasonable inquiry consistent with Rule 11, and subject to confirmation through jurisdictional discovery, Chicago Pacific Founders Capital Management, LLC has as its principal place of business located at 980 North Michigan Avenue, Suite 1998, Chicago, Illinois 60611 and no member of Chicago Pacific Founders Capital Management, LLC is a citizen of the state of Georgia.

(Notice of Removal at ¶¶ 5–10, ECF No. 1.)

Here, defense counsel only provides the principal place of business for Chicago Pacific Founders Capital Management LLC and only indicates that "no member of Chicago Pacific Founders Capital Management LLC is a citizen of the state of

Georgia." (Notice of Removal ¶ 10, ECF No. 1.) But defense counsel has made no representation as to whether any of the members of that entity have any citizenship in common with Plaintiff, which would destroy diversity. It was Defendants' burden to demonstrate that removal was proper and, given the unknown citizenship of the members of Chicago Pacific Founders Capital Management LLC, Defendants have failed to sustain that burden. Remand is warranted on this issue.

***Attorneys' Fees and Costs***

Plaintiff, citing to 28 U.S.C. § 1447, has moved for its attorneys' fees, costs, and expenses incurred as a result of filing its motion for remand. (ECF No. 8). Pursuant to 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.* A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c) (emphasis added). "Granting an award of attorneys' fees incurred as a result of a removal is within the district court's discretion . . . . However, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 381 (E.D.N.Y. 2014) (internal quotations and citations omitted). "An award of costs and fees pursuant to 28 U.S.C. § 1447(c) does not require a finding of bad faith by the removing party . . . . Although the absence of bad faith . .

. . weighs against the award of costs and fees, this is true only where the court finds at least a colorable question as to whether removal is proper." *HealthNow N.Y., Inc. v. Meridian Technologies, Inc.*, No. 11-CV-00483(S)(M), 2011 WL 7459188, at *3 (W.D.N.Y. Sept. 29, 2011) (internal quotations and citations omitted), *adopted*, 2012 WL 713682 (W.D.N.Y. Mar. 5, 2012).

I find that Defendants lacked a colorable basis for removing this case. I agree with Plaintiff that Defendants' failure to timely file an answer and serving a notice of intent to arbitrate one day after removing the case demonstrates that Defendants did not intend to litigate this matter in federal court. Moreover, Defendants' failure to oppose Plaintiff's motion to remand also leads me to believe that Defendants' removal to federal court was not made in earnest. I find that Defendants' initial removal was unwarranted and Plaintiff is entitled to recover its costs in having to litigate the issue. *See Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 402 (E.D.N.Y. 2019) (explaining that while "[t]he American Rule requires parties to bear their expenses in one set of courts . . . when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs," and finding that where "the inappropriateness of a federal forum was readily apparent from the face of the complaint, provides a good example of the need for fee-shifting.") (internal quotations and citation omitted).

Accordingly, Plaintiff is entitled to its reasonable attorneys' fees and costs incurred in filing its motion to remand. *See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir.

2005) ("[A] district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued.").

## DECISION AND ORDER

## JURISDICTION

On April 23, 2026, the Honorable Elizabeth A. Wolford referred this case to me for all pretrial matters excluding dispositive motions.[3] (ECF No. 6.)

***Defendants' Motion for Stay and to Compel Arbitration***

As a result of my recommendation that the District Judge grant Plaintiff's motion to remand this case Defendants' motion for a stay and to compel arbitration is moot because this Court lacks jurisdiction to address it. (ECF No. 5). *Chu v. Chinese-Am. Plan. Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 230 (S.D.N.Y. 2016) ("Because the Court grants plaintiffs' motion to remand on the basis that it lacks subject matter jurisdiction over this action, the Court lacks authority to consider CPC's motion to compel arbitration."); *Alvarado v. Sweetgreen, Inc.*, 712 F. Supp. 3d 393, 412 (S.D.N.Y. 2024) (denying as moot Defendants' motion to compel

[3] "[A] motion to compel arbitration and stay litigation pending arbitration is non-dispositive and therefore within a Magistrate Judge's purview to decide without issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)." *Dixon v. Experian Info. Sols. Inc.*, No. 6:25-CV-6323 MAV CDH, 2026 WL 304363, at *1 (W.D.N.Y. Feb. 5, 2026) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 227 n.1 (S.D.N.Y. 2020), *objections overruled*, No. 10-CIV-6950-ATRWL, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021)).

arbitration and dismiss the Amended Complaint where the court granted the plaintiffs' motion to remand).

I, therefore, deny as moot Defendants' motion for a stay and to compel arbitration (ECF No. 5).

## CONCLUSION

Based on the foregoing, I report and recommend that the District Judge **GRANT** Plaintiff's cross-motion to remand (ECF No. 8), remand the action to the Supreme Court of the State of New York for the County of Monroe, and direct Plaintiff to file an affidavit detailing the fees and costs incurred in connection with filing its motion to remand within a timeline that the District Judge deems appropriate. Further, because of my recommendation, I **DENY AS MOOT** Defendants' motion to stay litigation and compel arbitration (ECF No. 5).

Pursuant to 28 U.S.C. § 636(b)(1), the Court hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS**[4] to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Loc. R. Civ. P. 72.

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the

[4] **NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**: The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Wolford.

magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order**. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Local Rule of Civil Procedure 72(b), "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection**.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

IT IS SO ORDERED. Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED: September 4, 2026
Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge